**DALCHE et al. v. BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST.**

No. 20395.

District Court, E. D. Louisiana, New Orleans Division.

Aug. 27, 1930.

Paul W. Maloney, of New Orleans, La., for plaintiff Dalche.

James Wilkinson, of New Orleans, La., for defendants.

DAWKINS, District Judge.

In their original petition, plaintiffs alleged themselves to be the owners of a certain tract of land situated within the area which the defendant levee board is seeking to reclaim under a plan authorized by the amendment of section 7, art. 16, of the State Constitution 1921, submitted and adopted by the people through Act No. 292 of the Legislature of 1928; that the defendant has attempted to appropriate said property without judicial proceedings or the payment therefor and to issue bonds to the extent of $2,200,000, for the payment of which, in addition to the revenue derived from taxation, it proposes to mortgage this and other property within the area to be affected, and, after improvement, to sell the same and apply the proceeds to the satisfaction of said indebtedness, all, as petitioners alleged, in violation of the Fourth and Fifth Amendments to the Federal Constitution. Other allegations were made to the effect that the undertaking by the defendant was no more than a real estate speculation and the taking of petitioner's property was not in the interest of the public; that defendant had not been legally authorized to effectuate said scheme by proper state procedure; that, notwithstanding, defendant had proceeded to make a private sale of $1,000,000 of said bonds to a corporation domiciled in Cincinnati, Ohio; and that because of said illegal act and "on account of such diversity of the citizenship and because of the fact that this suit involves the construction of the federal constitution and laws, as well as the conflict between the same and the state and federal constitutions," etc., this court was vested with jurisdiction.

Defendant appeared and excepted to the jurisdiction because one of the plaintiffs, Richard Dalche, administrator, is a citizen of this state, along with defendant. Said exception was filed July 28, 1930, and on the following day plaintiffs filed a supplemental petition in which they alleged that the said Act No. 292 of 1928, adopted as an amendment to the State Constitution, "is violative of the provisions of articles 4, 5 and 14 of the Amendments to the Constitution of the United States for the protection of which your petitioners humbly pray for relief herein, in so far as the taking of your petitioner's property is concerned by the so-called arbitrary method of appropriation"; that they are "made secure * * * against any claimed right of appropriation without due process of law as distinguished from ex-appropriation, as is set out in the said Act No. 292 of 1928 * * * and some of them live and have always lived outside of this state, and were not citizens thereof, as will be shown on the hearing hereof."

The supplemental petition further alleged as follows: "That the defendant has never offered to your petitioners any adequate compensation for their property, taken possession of it, and intended to be mortgaged under the financial scheme set out in its petition, and the ordinance, attached thereto, and there exists no reason for the exercise of the police power of the State, either directly or indirectly by the said Levee Board a body politic created by Act No. 93 of 1890, and Act No. 79 of 1902 amending section 6 of said Act No. 93 of 1890, nor can the ownership of your petitioners' said property be affected by the so-called taxing power of the said Board to be exercised in the event that the said financial scheme, for some reason should fail, the right of the said taxing power, being here, specially denied."

In both the original and first supplemental petitions plaintiff prayed for judgment decreeing them "the owners of the property * * * and further decreeing null and void the said sale of bonds * * * and denying the right of the said Levee Board to appropriate" their property or to mortgage or tax the same in any manner and declaring the said amendment to the state constitution null and void and "violative of articles 4 and 5 of the Amendments to the Constitution of the United States and of the Treaty of Sessions, proclaimed October 21, 1803." The prayer of the supplemental petition further prayed that the said act be declared violative of the Fourteenth Amendment to the Federal Constitution.

The exceptions were argued and submitted on July 30, 1930, at which time counsel for defendant strenuously objected to the allowance of the first supplemental petition, and on August 6th or 10th following (the exact date I cannot make out from the file mark of the clerk) plaintiffs filed a second supplemental petition. In the latter they alleged that defendant "has publicly and judicially declared that the property of your petition-

ers has been appropriated, not for public use, but for the purpose of mortgaging and selling the same, the former with a view of raising money to exploit a financial scheme and the latter to permit it to indulge in speculation by converting it into building sites," etc.; that in a suit in the state court by another property owner, within the same area, certain witnesses appeared, including the president of defendant board, who testified that the property of petitioners was to be developed and sold for residential purposes, extracts from which evidence were attached to and made a part of the amended petition; that, in the ordinance "forming part of the proposed sale of bonds, to be secured by mortgage upon the property of your petitioners," it is expressly provided that the same will be divided into residential lots and its use will not be devoted to public purposes, such as parks, streets, etc., but to private ends. Petitioner further alleged as follows:

"V. That the state has no right, either directly or indirectly, to take the property of an individual as has been attempted here, and turn it over to another individual no matter what might be the method of transmission and any such claim as is here proposed by the Levee Board is illegal, null and of no effect."

"VI. That all of the acts and things charged, herein, in the foregoing articles on the part of the said Levee Board, constitute an invasion of the Constitutional rights of your petitioners and a direct and positive violation of the 14th Amendment, Section 1, of the Constitution of the United States, and should be so declared by judgment of this Honorable Court."

Petitioner further quoted the portion of the amendment to the State Constitution assailed, in which it is provided that, in the sale of the property to be reclaimed, the defendant is authorized to employ agents for said purpose, who shall be paid such compensation as shall be agreed upon, not to exceed "the maximum tariffs or rate in force" at the time by the New Orleans Real Estate Exchange, "and allowed for sales of privately owned property. * * *"

■ My view is that the amendments should be allowed for the reason that a different ruling would simply mean that the plaintiffs could file a new suit, alleging the same facts, and the court would be again confronted with the issues raised therein. It is to the interest of all concerned to have the question settled as speedily as possible. The costs of the amendments will be taxed against petitioners.

■ The only question before the court at this time is, of course, one of jurisdiction. It appears rather clearly that the petitioners, at least some of them, and the defendant levee board, are citizens of this state, and hence there is no diversity to support jurisdiction on that ground; but, if the supplemental petitions are to be considered, there is a direct attack upon the amendment to the State Constitution, as embraced in Act No. 292 of 1928, when tested by the Fourteenth Amendment to the Federal Constitution. It must be remembered that the plea now being considered is not an exception of no cause of action. Of course with respect to the allegations that said act and what the defendant is doing are violative of the Fourth and Fifth Amendments, it is well settled that the latter have no application to state action, but were intended as a restraint solely upon federal power. However, while the petitioners' pleadings are rather inartificially drawn, still, when analyzed, they constitute an attack upon an amendment to the State Constitution and the action of the defendant thereunder which raises the issue of due process under the Fourteenth Amendment to the Federal Constitution, and which in my opinion requires this court to take jurisdiction for determination without regard to diversity of citizenship. Although this court may ultimately find the matters complained of unfounded, yet it would have to exercise jurisdiction for that purpose, and, once having assumed it, all incidental questions would have to be determined.

My view is that the exception to the jurisdiction should be overruled, and proper decree may be presented.